JOSEPH S. LIBBY, JR.
*vs.*
STATE OF MAINE, ET AL.

Cumberland.    Opinion, July 8, 1965.

*Theodore H. Kurtz*, for Plaintiff.

*Richard J. Dubord, Atty. Gen.,*
*John W. Benoit, Asst. Atty. Gen.*, for Defendants.

SITTING: WILLIAMSON, C. J., SULLIVAN, MARDEN, RUDMAN, JJ.   WEBBER, AND TAPLEY, JJ., did not sit.

WILLIAMSON, C. J.    This is a petition for writ of habeas corpus under the post-conviction habeas corpus act.   14

M. R. S. A., §§ 5502-5508. The respondents' motion to dismiss the petition was granted on the ground that it did not set forth valid facts. The petitioner appeals. He contends that he is illegally imprisoned in the State Prison under a sentence of not less than 3½ years and not more than 10 years on conviction of robbery in January 1959.

The petitioner alleges in substance as follows:

In December 1962 he was released on parole. On September 12, 1964 he was held at the Portland City Jail charged with violation of parole arising from the facts resulting in the conviction noted below. A parole violation arrest warrant was issued on September 14, 1964 and executed by a parole officer. Immediately thereafter the petitioner was arraigned in the Portland Municipal Court on a complaint charging him with taking an automobile without the consent of the owner, pleaded guilty, was sentenced to 30 days in the Cumberland County Jail, and committed in execution of sentence.

On the completion of the jail sentence he was again arrested by a parole officer and returned to the prison. The State Probation and Parole Board after hearing revoked the petitioner's parole, set the length of time he should serve of the unexpired portion of his sentence before he could again be eligible for hearing, and remanded him to the State Prison. 34 M. R. S. A., § 1675.

A parolee upon release from the State Prison continues to serve his sentence and remains under the custody of the warden "but under the immediate supervision of and subject to the rules and regulations of the board or any special conditions of parole imposed by the board." 34 M. R. S. A., §§ 1671, 1672.

The petitioner contends that service of the 30 day jail sentence operates as a waiver of any obligation to serve the remainder of the State Prison sentence, and also as an im-

plied pardon or discharge therefrom. We find no authority whatsoever in the parole officer or the warden which would permit such a startling result.

Our attention is drawn by the petitioner to cases in which extradition of a prisoner operates as a forfeiture or waiver of jurisdiction of the granting State over the person so extradited. See for example *Milburn* v. *Nierstheimer,* 401 I. 465, 82 N. E. (2nd) 438, 35 C. J. S., *Extradition,* § 21 (b), and 22 Am. Jur., *Extradition,* § 19. See Uniform Criminal Extradition Act, 15 M. R. S. A., §§ 201-227.

We are not here concerned with the extradition of a prisoner or with the principles governing extradition which might be applicable in the absence of a statute. The case at bar involves only the legality of punishment within Maine for two criminal offenses — robbery and taking an automobile without the consent of the owner.

The petitioner complains that he is being punished in effect twice for one offense, first with 30 days in jail and second by revocation of parole.

A parolee, privileged to serve his sentence outside the prison walls, is accountable with every other citizen for violation of the law. Furthermore, on violation of the law he suffers, or may suffer, the loss of the privilege the State has extended to him. He cannot escape either the 30 days in the county jail by service of his sentence in the State Prison, or the State Prison sentence by service of the 30 days in the county jail.

The entry will be

*Appeal denied.*